UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

----------------------------------------------×

KELLEY BARNES,

        *Plaintiff,*

    *v.*

7-ELEVEN INC. and
CAREER PROFILES,

        *Defendants.*

----------------------------------------------×

**COMPLAINT**

**3:23-cv-1019**

**JURY REQUESTED**

    Plaintiff Kelley Barnes, by her counsel, The Harman Firm, LLP, alleges for her Complaint against Defendants 7-Eleven Inc. and Career Profiles ("Defendants") as follows:

**PRELIMINARY STATEMENT**

1. This case is about retaliation against Plaintiff, a Black woman, after she made complaints about race discrimination and an offensive costume worn to a work event. Specifically, Plaintiff complained that non-Black employees were objectifying Black employees and Black culture in the workplace and Plaintiff found that offensive.

2. Plaintiff was the only Black woman to work for Defendants on the team she was assigned to during her employment, and after she complained about company activities that she found offensive, she was terminated.

3. Plaintiff, before her illegal termination, was subjected to a hostile work environment as her coworkers engaged in seriously offensive cultural stereotyping and objectification. Plaintiff was the only Black team member, yet her coworkers dressed in a Black-themed costume, recreating a style from a movie featuring an all-Black cast, and, in fact, told Plaintiff not to stereotype once she mentioned that this made her uncomfortable and offered an alternative.

1

## JURISDICTION

4. Pursuant to 28 U.S.C. §1331 this Court can properly hear Plaintiff's claims as they arise under federal statutes, 42 U.S.C. §1981 and Title VII, 42 U.S.C. §2000 *et seq*.

5. Pursuant to 28 U.S.C. §1367 this Court can properly hear Plaintiff's State law claims as they arise out of the same nucleus of operative fact so as to create the same case or controversy.

## PARTIES

6. Plaintiff was and is a resident of Texas.

7. Defendant 7-Eleven Inc. was and is incorporated in the State of Texas and has a headquarters at 3200 Hackberry Road, Irving, Texas 75063.

8. Defendant Career Profiles has a principal place of business at 4077 S Clipper St, Saratoga Springs, Utah, 84045, United States.

## JURY DEMAND

9. Plaintiff respectfully requests a trial by jury.

## STATEMENT OF FACTS

10. Plaintiff began working for Career Profiles and 7-Eleven Inc., who acted as joint employers, in February 2022.

11. Plaintiff worked directly with 7-Eleven Inc. and 7-Eleven Inc. employees and was paid through Career Profiles for work completed for 7-Eleven Inc.

12. Plaintiff's employment as a Copywriter was largely uneventful – she had no performance issues and no complaints about her at work.

13. There was, however, a persistent issue in that the former creative marketing manager Stephen Greene would constantly bring up race and demographics issues in Plaintiff's biweekly one on one meetings.

14. Mr. Greene, who is white, would state that the group she is working with is diverse

2

and "and I want you to know that no one got their job because of the color of their skin."

15. This made Plaintiff uncomfortable as a Black woman who was being constantly reminded that the color of her skin, and other employees' skin, was something that needed to be addressed.

16. Plaintiff worked with the "n-House team" under Heather Chong.

17. On or about October 21, 2022, the n-House team and Ms. Chong designed a work event, a Halloween party, for 7-Eleven Inc. employees, including Plaintiff.

18. Ms. Chong and the n-House team agreed to wear a group costume inspired by the movie "House Party" and call the costume the n-House Party.

19. House Party is a 1990 movie, and subsequent movie franchise, recreated in 2023 under the same name, which stars a predominantly, if not exclusively, Black cast and centers on Black culture.

20. Plaintiff immediately complained that she felt that, as the only Black woman on the team, it was inappropriate for the n-House team to move forward with the costume as it was clear cultural appropriation.

21. Plaintiff, in turn, told the team that she felt a costume modeled around "Saved by the Bell" would be more appropriate as it celebrates the team's wider cultural background.

22. The head of the creative team for the n-House team then told Plaintiff "I want to be careful with stereotyping – we should have fun with the theme, but keep it authentic to us!"

23. Not only was this insulting, as Plaintiff was the only Black person on the n-House team and, therefore, the only one who could be an 'authentic' member of any 'n-House Party', but her request for a more inclusive costume was denied and Plaintiff was labeled as the problem.

24. Stated differently, when Plaintiff, a Black woman, raised concerns about a completely non-Black team appropriating Black culture, and offered an alternative in good faith,

she was immediately shut down and told not to stereotype.

25. On Monday, October 24, 2022, the n-House team went forward with the costume Plaintiff found offensive.

26. Not only that, but they took multiple photographs of the event and never included Plaintiff in any, as shown below:

 

27. On Friday, October 28, 2022, Career Profiles had posted a job opportunity on LinkedIn to replace Plaintiff.

28. On Tuesday, November 1, 2022, Plaintiff was terminated, and Ms. Chong wrote "Hi Kelley, I hope you understand this wasn't an easy decision for us, but I want to thank you for your contribution over the past year."

29. Plaintiff's termination was completely pretextual, as evidenced by Plaintiff's termination letter which was entirely vague and devoid of any specificity for the reason for termination.

30. No employee ever cited any work performance issues during Plaintiff's employment, yet Plaintiff was terminated roughly a week after she complained about what she saw as seriously offensive cultural appropriation.

## CAUSES OF ACTION
## FIRST CLAIM

**Hostile Work Environment under 42 U.S.C. §1981, Title VII, and the Texas Labor Code**

31. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 30 with the same force as though separately alleged herein.

32. Under 42 U.S.C. §1981, it is illegal for an employer to allow a work environment hostile to employee's race.

33. Title VII, 42 U.S.C. 2000 *et seq.*, mirrors §1981 but under a relaxed standard of mixed motive discrimination, rather than 'but-for' causation.

34. Chapter 21 of the Texas Labor Code encompasses and reasserts the protections afforded by 42 U.S.C. §1981 and Title VII.

35. Plaintiff was an employee of Defendants and is a member of a protected category as a Black woman.

36. Defendants' employees permitted a work environment hostile to Plaintiff's race.

37. Defendants' employees would consistently remind Plaintiff that she had a skin color outside the norm, but that it was 'not an issue' and 'not a driving factor in her employment.'

38. If Plaintiff's skin color was a non-issue, then there was no need for Mr. Greene to constantly refer to Plaintiff's skin color and, as well, other employees' skin colors.

39. Furthermore, Defendants' employees' Halloween costume was patently offensive, and when Plaintiff complained and suggested an alternative, she was criticized and was told not to stereotype others.

40. Defendants' employees wholly failed to recognize that their actions were extremely offensive and, instead, not only moved forward with the offensive costume, but

actually excluded Plaintiff from any photographs.

41. Plaintiff was, thereafter, excluded from interacting with other employees and made to feel different and less than.

42. Plaintiff seeks front pay, back pay, costs, expenses, emotional distress damages, interest, attorneys' fees, and any and all other remedies and/or relief available to her.

## SECOND CLAIM

### Retaliation under 42 U.S.C. §1981, Title VII, and the Texas Labor Code

43. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 30 with the same force as though separately alleged herein.

44. Under 42 U.S.C. §1981, it is illegal for an employer to retaliate against someone when they raise complaints related to Black employees being treated differently in the workplace.

45. Title VII, 42 U.S.C. 2000 *et seq.*, mirrors §1981 but under a relaxed standard of mixed motive retaliation, rather than 'but-for' causation.

46. Chapter 21 of the Texas Labor Code encompasses and reasserts the protections afforded by 42 U.S.C. §1981.

47. Plaintiff was an employee of Defendants and is a member of a protected category as a Black woman.

48. Plaintiff was told that her team would wear a costume to a work sponsored Halloween party that she found patently offensive.

49. Plaintiff told her employer that she found the costume offensive to her race.

50. Plaintiff was told that nothing would be done, her complaints were dismissed as insignificant, and that *she* should, in fact, be more sensitive to race issues.

51. Plaintiff was fired about a week after her complaint.

52. Plaintiff seeks front pay, back pay, costs, expenses, emotional distress damages, interest, attorneys' fees, and any and all other remedies and/or relief available to her.

## **REQUEST FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests the following relief:

A. For the first cause of action, damages for wages and emotional distress, compensatory damages yet to be determined, attorneys' fees, interest, costs and disbursements;

B. For the second cause of action, damages for wages and emotional distress, compensatory damages yet to be determined, attorneys' fees, interest, costs and disbursements; and

C. For such other and further relief as the Court deems just and proper.

Dated: New York, NY
May 8, 2023

THE HARMAN FIRM, LLP

By: *[signature]*

Walker G. Harman, Jr.
1270 Sith Ave.
Suite 756
New York, NY 10020
(646) 248-2288
wharman@theharmanfirm.com
*Attorney for Plaintiff*
