IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KELLEY BARNES, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:23-CV-01019-E |
| 7-ELEVEN INC et al., | § § § | |
| Defendants. | § § § § | |

### MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Profiles Placement Services, LLC (who asserts it is incorrectly identified as "Career Profiles," referred herein as PPS)'s "Motion to Partially Dismiss Amended Complaint." (ECF No. 20). Based on a failure to exhaust administrative remedies, the Motion seeks to dismiss Plaintiff Barnes's (i) hostile work environment claims as asserted under Title VII and the Texas Texas Labor Code Chapter 21 (referred herein as the Texas Commission on Human Rights Act or "TCHRA")[1] and (ii) retaliations claim as asserted under Title VII and the TCHRA.[2] For the reasons enumerated hereunder the Court GRANTS PPS's Motion to Partially Dismiss. (ECF No. 20). The Court further DENIES AS MOOT PPS's earlier-filed Motion to Dismiss. (ECF No. 12).

### I.    BACKGROUND

Barnes initiated this litigation on May 8, 2023. (ECF No. 1). Barnes later amended her

---

[1] The Court recognizes that the Commission on Human Rights has been replaced with the Texas Workforce Commission's civil rights division. *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 798 n.1 (Tex. 2010) (citing Tex. Lab. Code Ann. § 21.0015). Throughout this order, the Court refers to Texas Labor Code Chapter 21 as the TCHRA.

[2] The Motion does not seek dismissal of Plaintiff's corresponding claims for hostile work environment or retaliation as asserted under 42 U.S.C. §1981.

complaint on August 9, 2023. (ECF No. 17). As amended, Barnes alleges:

> 6. Plaintiff filed with the Equal Employment Opportunity Commission, Plaintiff received a right to sue letter authorizing her to bring Title VII claims against both Defendants, and Plaintiff timely filed her lawsuit before the expiration of her right to sue letter.
> . . . .
> 18. On or about October 21, 2022, the n-House team and Ms. Chong designed a work event, a Halloween party, for 7-Eleven Inc. employees, including Plaintiff.
>
> 19. Ms. Chong and the n-House team agreed to wear a group costume inspired by the movie "House Party" and call the costume the n-House Party.
>
> 20. House Party is a 1990 movie, and subsequent movie franchise, recreated in 2023 under the same name, which stars a predominantly, if not exclusively, Black cast and centers on Black culture.
>
> 21. Plaintiff immediately complained that she felt that, as the only Black woman on the team, it was inappropriate for the n-House team to move forward with the costume as it was clear cultural appropriation.
>
> 23. The head of the creative team for the n-House team then told Plaintiff "I want to be careful with stereotyping – we should have fun with the theme, but keep it authentic to us!"
>
> 24. Not only was this insulting, as Plaintiff was the only Black person on the n-House
>
> team and, therefore, the only one who could be an 'authentic' member of any 'n-House Party', but her request for a more inclusive costume was denied and Plaintiff was labeled as the problem.
>
> 25. Stated differently, when Plaintiff, a Black woman, raised concerns about a completely non-Black team appropriating Black culture, and offered an alternative in good faith, she was immediately shut down and told not to stereotype.
>
> 26. On Monday, October 24, 2022, the n-House team went forward with the costume Plaintiff found offensive.
> . . . .
> 29. On Tuesday, November 1, 2022, Plaintiff was terminated, and Ms. Chong wrote "Hi Kelley, I hope you understand this wasn't an easy decision for us, but I want to thank you for your contribution over the past year."

(ECF No. 17 at 2-6). Barnes asserts claims of hostile work environment and retaliation—each based on 42 U.S.C. §1981, Title VII, and the TCHRA.

PPS moved to dismiss Barnes's Title VII and Texas Labor Code-based claims for hostile work environment and retaliation. (ECF No. 20). Barnes has responded. (ECF No. 23). And, PPS has replied. (ECF No. 23). Having been fully briefed, PPS's Motion to Partially Dismiss is ripe for consideration.

## II.  LEGAL STANDARD

Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Under the 12(b)(6) standard, a court cannot look beyond the face of the pleadings. *See Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *see also Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). Pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted). Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (citations omitted). When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 556 U.S. at 678.

When a party presents "matters outside the pleadings" with a Rule 12(b)(6) motion to dismiss or in a response to a Rule 12(b)(6) motion to dismiss, a court has "complete discretion" to either accept or exclude the evidence for purposes of determining the motion. *Isquith ex rel. Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 196 n.3 (5th Cir. 1988); *accord Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC*, 255 F. App'x 775, 783 (5th Cir. 2007). However, if "matters outside the pleading[s] are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. Civ. P. 12(d).

Nevertheless, "pleadings" for the purposes of a Rule 12(b)(6) motion include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (citation omitted). Similarly, documents "attache[d] to a motion to dismiss are considered part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim[s]." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (citations omitted). It is also "clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (referencing *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)). Attachments falling under these three categories may be

properly considered without converting the motion to dismiss into a motion for summary judgment.

### III. ANALYSIS

PPS contends that Plaintiff failed to exhaust her administrative remedies with respect to her claims based on Title VII and the TCHRA because she did not pursue an administrative claim before filing suit. (ECF No. 20). A failure to exhaust administrative remedies is an affirmative defense on a motion to dismiss. *See* Fed. R. Civ. P. 8(c)(1) (limitations); *Clemmer v. Irving Indep. Sch. Dist.*, 2015 WL 1757358, at *3 (N.D. Tex. Apr. 17, 2015) (Title VII exhaustion is an affirmative defense). "When the failure to exhaust is a condition precedent rather than a jurisdictional prerequisite, a motion to dismiss based on such a failure is properly filed pursuant to Rule 12(b)(6) rather than Rule 12(b)(1)." *King v. Life Sch.*, 809 F. Supp. 2d 572, 578 (N.D. Tex. 2011) (citing *Gates v. City of Dallas*, Texas, No. CIV.A.3:96-CV-2198-D, 1997 WL 405144, at *1 (N.D. Tex. July 15, 1997); *Baney v. Gonzales,* 2007 WL 1944462, at *4 (N.D. Tex. June 27, 2007).

To obtain a Rule 12(b)(6) dismissal based on an affirmative defense, the "successful affirmative defense [must] appear[ ] clearly on the face of the pleadings." *Sivertson v. Clinton*, 2011 WL 4100958, at *2 (N.D. Tex. Sept. 14, 2011) (quoting *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986)). In other words, the movant is not entitled to dismissal under Rule 12(b)(6) based on these affirmative defenses unless the nonmovant has "pleaded [herself] out of court by admitting to all of the elements of the defense." *Cochran v. Astrue*, 2011 WL 5604024, at *1 (N.D. Tex. Nov. 17, 2011) (quoting *Sivertson*, 2011 WL 4100958, at *3).

## A. Title VII Claims

Before an individual can pursue a Title VII claim in federal court, she must exhaust her available administrative remedies by filing a charge with the EEOC. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002). Exhaustion of administrative remedies is a statutory condition precedent to maintaining a Title VII action in district court, not a jurisdictional prerequisite. *Pinkard v. Pullman–Standard, Inc.,* 678 F.2d 1211, 1218–19 (5th Cir. Unit B 1982) (per curiam), *cert. denied,* 459 U.S. 1105 (1983); *Lee v. Kroger Co.,* 901 F.Supp. 1218, 1223 (S.D.Tex.1995); *see Sanchez v. Standard Brands Inc.,* 431 F.2d 455, 460 (5th Cir. 1970). "Exhaustion occurs when the plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue." *Taylor*, 296 F.3d at 379 (citing *Nilsen v. City of Moss Point, Miss.,* 674 F.2d 379, 381 (5th Cir. 1982) (internal citation omitted)). "Although filing of an EEOC charge is not a jurisdictional prerequisite, it 'is a precondition to filing suit in district court.'" *Taylor*, 296 F.3d at 379 (quoting *Dao v. Auchan Hypermarket*, 96 F.3d 787, 789 (5th Cir. 1996)). "Before bringing a hostile work environment or retaliation claim, a plaintiff must file a charge of discrimination with the EEOC." *Stanley v. Univ. of Tex. Med. Branch, Galveston, TX*, 425 F. Supp. 2d 816, 822 (S.D. Tex. 2003). Courts have routinely held that a plaintiff's complaint is subject to dismissal under Rule 12(b)(6) when the plaintiff "fails to allege exhaustion of administrative remedies." *Hoffman v. Boeing*, 596 F.2d 683, 685 (5th Cir. 1979); *see Johnson v. U.S. Postal Serv.*, No. 3:15-CV-1081-L-BK, 2016 WL 791076, at *1–2 (N.D. Tex. Jan. 27, 2016) (finding that plaintiff's Title VII claim should be dismissed for failure to state a claim rather than for lack of jurisdiction where the plaintiff failed to allege exhaustion of administrative remedies); *Shabazz v. Tex. Youth Comm'n*, 300 F. Supp. 2d 467, 471 (N.D. Tex. 2003) (dismissing the plaintiff's claim under Rule 12(b)(6) where the plaintiff alleged that he filed a charge but failed to allege that a right to sue letter was issued or

received); *Dao v. Auchan Hypermarket*, No. H-95-2619, 1995 WL 902483, at *2 (S.D. Tex. Dec. 5, 1995), *aff'd* 96 F.3d 787 (5th Cir. 1996) (dismissing plaintiff's Americans with Disabilities Act (ADA) claim under Rule 12(b)(6) because the plaintiff did not allege in her complaint that she filed a charge with the EEOC or that she obtained a right to sue letter prior to filing suit).

In her briefing, Barnes asserts she filed her EEOC "Charge on May 9, 2023." (ECF No. 23 at 1). Thus, it is undisputed that Barnes filed her EEOC charge after initiating filing this lawsuit on May 8, 2023. Otherwise, Barnes does not plead that she filed her EEOC Charge before initiating this lawsuit. (*See* ECF No. 17 at 2). It is undisputed that Barnes did not file her EEOC Charge prior to filing this lawsuit. As pled and conceded in briefing, Barnes filed her EEOC Charge only after filing this lawsuit.

The circumstances in the instant case are similar to those in *Dao v. Auchan Hypermarket*. 96 F.3d at 788. In *Dao*, the plaintiff argued the "district court erred in holding that she was required to file a charge of discrimination with the EEOC or the Texas Human Rights Commission prior to filing her ADA claim in federal court." *Dao*, 96 F.3d at 788. The Fifth Circuit ultimately determined that the district court did not err in dismissing plaintiff's claims because plaintiff was required to "comply with the ADA's administrative prerequisites prior to commencing an action in federal court against her employer for violation of the ADA." *Dao*, 96 F.3d at 789 ("the ADA incorporates by reference the procedures applicable to actions under Title VII, 42 U.S.C. § 2000e, *et seq*."). That is, the Fifth Circuit determined that Dao's failure to file the charge of discrimination prior to filing the lawsuit was not in compliance with exhausting her administrative remedies. *Dao*, 96 F.3d at 789 ("**[B]efore a plaintiff can commence a civil action under Title VII in federal court**, she must file a timely charge with the EEOC, or with a state or local agency with authority

to grant or seek relief from the alleged unlawful employment practice.") (emphasis added in bold).³

Barnes argues that the Fifth Circuit's decision *Gorman v. Verizon Wireless Texas, L.L.C.*, 753 F.3d 165, 170 (5th Cir. 2014)—which permitted reaching the merits of the case when the right-to-sue letter requirement was belatedly fulfilled—is applicable in the instant case. However, *Gorman* is inapposite because the plaintiff in *Gorman* "filed charges of discrimination with the federal [EEOC]" before filing his lawsuit. *Gorman*, 753 F.3d at 168. Barnes otherwise refers the Court to several cases that involve the right-to-sue letter—not the filing of the EEOC Charge, and the Court likewise determines those cases are inapposite. (*See* ECF No. 23 at 2-4). Barnes has directed the Court to no mandatory precedent that permits a Title VII case to proceed when the suit is filed before filing any EEOC Charge, and the Court has found none. Similar to *Dao*, Barnes failed to meet her "precondition to filing suit in district court." *Taylor*, 296 F.3d at 379. Barnes failed to exhaust her administrative remedies because she filed her EEOC Charge only after filing her lawsuit; Barnes began to exhaust her administrative remedies only after she filed suit. The Court must reach the same result as the Fifth Circuit in *Dao*—dismissal of the respective Title VII claims. *Dao*, 96 F.3d at 388-89 (collecting cases). Thus, the Court GRANTS PPS's Motion to Partially Dismiss as to both Barnes's hostile work environment claim and retaliation claim—each as asserted under Title VII against PPS.

## B. TCHRA Claims

Northern District of Texas Local Civil Rule 7.1(e) instructs that "[a] response and brief to an opposed motion must be filed within 21 days from the date the motion is filed." N.D. Tex. Loc.

---

³ *See also, e.g.*, *Dorsey v. Mgmt. & Training Corp.*, No. 5:16-CV-40(DCB)(MTP), 2016 WL 6892491, at *2 (S.D. Miss. Nov. 22, 2016) ("The law is clear that a plaintiff must exhaust his remedies with the Equal Employment Opportunity Commission ("EEOC") before seeking judicial remedies in federal court.")

Civ. R. 7.1(e). A party who fails to pursue a claim beyond its initial pleading may waive or abandon the claim. *Black v. N. Panola School Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) ("[Plaintiff] further failed to defend her retaliatory abandonment claim in both responses to the defendant's motion to dismiss."). Thus, a party's failure to defend a claim in her response to a motion to dismiss constitutes abandonment. *See Matter of Dallas Roadster, Ltd.*, 846 F.3d 112, 126 (5th Cir. 2017) (concluding plaintiff's failure to respond to defendant's argument in a motion to dismiss constituted abandonment) (citing *Black*, 461 F.3d at 588 n.1); *see, e.g.*, *Vela v. City of Houston*, 276 F.3d 659, 678-79 (5th Cir. 2001) (discussing abandonment of theories of recovery and defenses when such theories were not presented to the trial court).

Here, Barnes failed to respond to PPS's Motion to Partially Dismiss with regard to her claims asserted under the TCHRA. (*See* ECF No. 23). More than 21 days have passed since PPS filed its Motion to Partially Dismiss. *See* N.D. Tex. Loc. Civ. R. 7.1(e); (ECF No. 20). Because Barnes wholly failed to respond to the PPS's challenge to her hostile work environment and retaliation asserted under the TCHRA, the Court concludes Barnes has abandoned these claims. *See Black*, 461 F.3d at 588 n.1; *Matter of Dallas Roadster, Ltd.*, 846 F.3d at 126; *Vela*, 276 F.3d at 678-79.[4]

The above notwithstanding, the Court concludes Barnes's hostile work environment and retaliation claims asserted under the TCHRA must be dismissed for reasons similar to those discussed hereabove on her Title VII claims. "[T]he TCHRA 'requires a complainant to first

---

[4] *See also, e.g.*, *JMCB, LLC v. Bd. of Com. & Indus.*, 336 F. Supp. 3d 620, 634 (M.D. La. 2018) ("[F]ailure to brief an argument in the district court waives that argument in that court.") (quoting *Magee v. Life Ins. Co. of N. Am.*, 261 F. Supp. 2d 738, 748 n.10 (S.D. Tex. 2003)) (citations omitted); *Kellam v. Servs.*, No. 12-352, 2013 WL 12093753, at *3 (N.D. Tex. May 31, 2013), *aff'd sub nom. Kellam v. Metrocare Servs.*, 560 F. App'x 360 (5th Cir. 2014) ("Generally, the failure to respond to arguments constitutes abandonment or waiver of the issue.") (citations omitted); *Mayo v. Halliburton Co.*, No. 10-1951, 2010 WL 4366908, at *5 (S.D. Tex. Oct. 26, 2010) (granting motion to dismiss breach of contract claim because plaintiff failed to respond to defendants' motion to dismiss on this issue and thus waived the argument).

exhaust his administrative remedies **before filing a civil action**.'" *Hernandez v. City of Corpus Christi*, 820 F. Supp. 2d 781, 793 (S.D. Tex. 2011) (quoting *Lueck v. State,* 325 S.W.3d 752, 761 (Tex. App.—Austin 2010)) (emphasis added in bold); *see, e.g.*, *Cnty. of El Paso v. Flores*, 677 S.W.3d 31, 43 (Tex. App.—El Paso 2023), *review denied* (Nov. 10, 2023) (discussing the same).[5]

> A plaintiff filing a claim under the TCHRA must file a sworn, written complaint with the EEOC no later than the 180th day after the alleged unlawful employment practice occurred. Tex. Lab. Code Ann. §§ 21.201, .202; *see Prairie View A & M Univ. v. Chatha*, 381 S.W.3d 500, 513 (Tex. 2012). **Failure to comply with statutory prerequisites pertaining to filing a complaint—including failure to file a complaint within the 180-day deadline—deprives a court of subject-matter jurisdiction, barring Texas courts from adjudicating that complaint.** *See* Tex. Gov't Code Ann. § 311.034; *Chatha*, 381 S.W.3d at 515–16; *Southwest Convenience Stores, LLC*, 560 S.W.3d at 400.

*Flores*, 677 S.W.3d at 43 (emphasis added in bold).

Here, Barnes did not file her EEOC Charge[6] until after she filed suit. Therefore, Barnes failed to exhaust her administrative remedies under the TCHRA before filing this case; again, in the TCHRA context, Barnes began to exhaust her administrative remedies only after she filed suit. *See Hernandez*, 820 F. Supp. 2d at 793. For those reasons, the Court GRANTS PPS's Motion to Partially Dismiss as to both Barnes's hostile work environment claim and retaliation claim—each as asserted under the TCHRA against PPS.

---

[5] Texas Law requires filing an EEOC complaint (or analogous complaint with the Texas Workfoce Commission) before filing suit on corresponding unlawful employment practices. *See, e.g.*, *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 805 (Tex. 2010); *City of Austin v. Chandler*, 428 S.W.3d 398, 405 (Tex. App. 2014); *Sw. Convenience Stores, LLC v. Mora*, 560 S.W.3d 392, 400 (Tex. App. 2018); *Univ. of Texas v. Poindexter*, 306 S.W.3d 798, 807 (Tex. App.—Austin 2009); *Vincent v. W. Texas State Univ.*, 895 S.W.2d 469, 473 (Tex. App.—Amarillo 1995); *see generally* Tex. Labor Code Ann. § 21.201(a)

[6] Under the Worksharing Agreement between the EEOC and the Texas Workforce Commission, a complaint filed with the EEOC, and forwarded by the EEOC to the TWC, satisfies the requirements of the TCHRA. *See Vielma v. Eureka Co.*, 218 F.3d 458, 461 (5th Cir. 2000); *Price v. Phila. Am. Life Ins. Co.*, 934 S.W.2d 771, 773-74 (Tex. App.—Houston [14th Dist.] 1996, no writ).

## IV. CONCLUSION

For the reasons enumerated above, the Court GRANTS PPS's Motion to Partially Dismiss. (ECF No. 20). The Court DISMISSES, without prejudice, Barnes's (i) hostile work environment claim(s) as asserted under Title VII and the TCHRA against PPS and (ii) retaliation claim(s) as asserted under Title VII and the TCHRA against PPS. The Court DENIES AS MOOT PPS's earlier-filed Motion to Dismiss. (ECF No. 12).

**SO ORDERED.**

14th day of February, 2024.

ADA BROWN
UNITED STATES DISTRICT JUDGE